

# THE ATTORNEY GENERAL

## OF TEXAS

*modifies V-650*

AUSTIN, TEXAS

ICE DANIEL.
RNEY GENERAL

August 5, 1949

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Opinion No. V-872

Re: Procedure to annex por-
tion of Spring Lake
Park District to Texar-
kana I.S.D., reconsid-
ering Attorney General
Opinion No. O-3823,
dated August 7, 1941.

Dear Sir:

You have referred this office to Attorney Gen-
eral Opinion No. O-3823 rendered by a prior administra-
tion and holding that Texarkana Independent School Dis-
trict may annex any part or the whole of a contiguous
common district (Spring Lake Park Common District) by
complying with the procedure set out in its special law,
designated as Section 1-a in Chapter 49, Senate Bill No.
297, Special Laws of the 39th Legislature, 1st C.S.,
1926.

Section 1-a provides as follows:

"Whenever a majority of the inhabi-
tants, qualified to vote for members of the
Legislature of any territory adjoining the
limits of the Texarkana Independent School
District, shall desire such territory to be
added to and become a part of said indepen-
dent school district, and a majority of such
qualified voters sign a petition to that ef-
fect, any three of such qualified voters may
file with the board of trustees of said inde-
pendent school district the said petition,
making affidavit of the facts set forth in
said petition, fully describing by metes and
bounds the territory proposed to be annexed,
and showing its location with reference to
the existing territory of the Texarkana In-
dependent School District; provided, that
said territory proposed to be added must be
contiguous to one line of said independent
school district. And upon filing of said
petition, affidavits and descriptions, with

656

Hon. L. A. Woods, page 2   (V-872)

                    the president of the board of trustees,
                    it shall be his duty to submit the same
                    to the board, and, if upon investigation
                    by the board it is found that the propos-
                    ed addition is necessary and practicable,
                    the said board of trustees, by resolution
                    duly entered upon its minutes, may receive
                    such proposed territory as an addition to,
                    and as becoming a part of the corporate
                    limits of the said Texarkana Independent
                    School District. After the passage and
                    adoption of such resolution, the terri-
                    tory so received shall be a part of the
                    Texarkana Independent School District,
                    and the inhabitants thereof shall thence-
                    forth be entitled to all the rights and
                    privileges as other citizens and inhabi-
                    tants of the said independent school dis-
                    trict. <u>The whole, or any portion of, any
                    contiguous common school district, whether
                    bonded or not, may be annexed to the Texar-
                    kana Independent School District in the
                    manner herein prescribed. . .</u>" (under-
                    scoring ours.)

          In Opinion No. O-3823, evidently no considera-
tion was given to Section 2 of Article 2742e and Section
1 of Article 2742f, V.C.S., enacted by the 41st Legisla-
ture, 1st C.S., Acts 1929. You request that we review
that opinion in the light of such statutes and advise
whether its holding is correct.

          The two 1929 Acts, above referred to, are now
in effect and must be construed together. <u>County School
Trustees of Orange County v. Dist. Trustees of Prairie
View C.S.D.</u>, 137 Tex. 125, 153 S.W.2d 434 (1941); <u>Board
of School Trustees of Young County v. Bullock C.S.D.</u>, 55
S.W.2d 538 (Tex. Com. App. 1932),

          Without repeating all of the terms of the above
designated sections of the 1929 Acts, provision is made
therein that in each county of this State the county
board of trustees shall have the authority, when duly pe-
titioned as provided in said Acts, to detach from, and
annex to, any school district territory contiguous to the
common boundary line of the two districts, provided the
board of trustees of the district to which the annexa-
tion is to be made approves by majority vote the proposed
transfer of territory. The Acts prescribe further proce-

Hon. L. A. Woods, page 3 (V-872)

dure if more than ten per cent of the district is in-
volved, and specifically provide that "no school dis-
trict shall be reduced to an area of less than nine
square miles."

The repealing clause of the 1929 Acts, Chap-
ter 47, Section 3, reads in part as follows:

"All laws and parts of laws, General
and Special, in conflict herewith are here-
by repealed. . ."

This is a general repeal that accomplishes a repeal of
prior laws that are repugnant to, or inconsistent with,
the provisions of this later law.

Opinion No. 0-3823 does not discuss whether
Article 2804 quoted therein (providing for automatic ex-
tension of boundaries of city controlled school districts
in certain instances) was repealed by the 1929 Acts above
referred to. However, it has been held in City of Beau-
mont Ind. School Dist. v. Broadus, 182 S.W. 2d 406 (Tex.
Civ. App. 1944, error ref.) that Article 2804 has not
been repealed, expressly nor by implication, by these
1929 Acts, for the reason that the legislative history
of the laws relating to municipally controlled school
districts and other school districts in the county shows
a manifest intention on the part of the law-making body
to provide for two separate classifications of districts,
namely, a district located within a municipality, over
which the city has assumed control, and a district over
which a city has no control. Opinion 0-3823 properly
holds that Article 2804 is not applicable to Texarkana
Independent School District.

The legislative history concerning the Texar-
kana Independent School District shows that it is not a
municipally controlled school district. It is an inde-
pendent school district created by special law, divorc-
ed from city control in 1920. Chap. 31, S.B. 9, Acts
36th Legislature, 3rd C.S., 1920, as amended by Chap.
49, S.B. 297, Spec. Laws of 39th Leg., 1st C.S., 1926;
A.G. Opinion No. 0-3823; V-650. We find no like legis-
lative history which would operate to save from the re-
pealing effects of the 1929 Acts, school districts like
Texarkana created by special law and which do not fall
within the classification of a municipally controlled
school district.

658

Hon. L. A. Woods, page 4 (V-872)

It is our opinion, therefore, that to the extent that the annexation provisions found in Section 1-a of S.B. 297 (the special law applicable to the Texarkana Independent School) are repugnant to, or inconsistent with, the Acts of 1929 (Section 2 of Article 2742e and Section 1 of Article 2742f) they have been repealed by the Section 3 of the 1929 Acts, above quoted.

Section 1-a of S.B. 297 provides that the petition for annexation of contiguous territory to the district shall be filed with the board of trustees of the Texarkana district, and that such board by resolution may receive such territory. The subsequent 1929 Acts provide that such a petition for detachment and annexation of territory to a contiguous district shall be submitted with the county board of trustees, and (the other procedure of the Acts being complied with) the county board may pass an order transferring said territory. Construing the Acts of 1929 together, as they must be when common and independent districts are involved, they contain the express prohibition that "no school district shall be reduced to an area of less than nine square miles." Thus, the county school board has authority under Section 1 of Article 2742f, and Section 2 of Article 2742e to detach and annex portions of school districts in accordance with the procedure thereof, but they would have no authority thereunder to annex or detach an entire active school district. Weinert I.S.D. v. Ellis, 52 S.W.2d 370 (Tex. Civ. App. 1932); Higginbotham v. County School Trustees, 220 S.W.2d 213 (Tex. Civ. App. 1949).

Clearly, therefore, the authority granted County School boards and the procedure prescribed in the 1929 Acts herein considered conflicts with and supersedes the authority granted Texarkana board of trustees and the procedure prescribed in Section 1-a of Senate Bill 297, insofar as the power and procedure for annexation of a part or portion of the contiguous common school district may be involved. To this extent, Section 1-a is repealed by the subsequent 1929 Acts.

These 1929 Acts, however, do not conflict with the authority granted the Texarkana board in such Section 1-a to annex the whole of any contiguous common district under the procedure and in the manner therein prescribed. The Springlake Park district not being dormant so as to be subject to the provisions of Article 2742e-1, V.C.S., or Article VIII of S.B. 116, 51st Legislature, those laws could not be applicable to conflict with the authority granted the Texarkana Board in Section 1-a to annex

the whole of that contiguous common school district. Article 2806, authorizing consolidation of school districts by an election procedure therein provided, does not contain a repealing clause. Article 2806 not being repugnant to the provisions of Section 1-a, it is merely cumulative.

Accordingly, Opinion No. 0-3823, dated August 7, 1941, is modified by the holding of this opinion. To the extent, also, that A. G. Opinion V-650 follows and relies on the holding in Opinion 0-3823, it is modified by this opinion.

## SUMMARY

The authority granted the board of trustees of Texarkana Independent District and the procedure prescribed in Section 1-a of S.B. 297, Special Laws of 39th Legislature, 1st Called Session, 1926, to annex a portion of a contiguous common school district, being in conflict with Section 2 of Article 2742e and Section 1 of Article 2742f (Acts of 1929), have been repealed by Section 3, Chap. 47, Acts 1929. Annexation of a portion of contiguous Springlake Park Common School District to Texarkana District may be accomplished through the county board of trustees in accordance with and subject to the provisions of Section 2 of Article 2742e and Section 1 of Article 2742f, V.C.S. Attorney General Opinions Nos. 0-3823 and V-650 are accordingly modified hereby.

Yours very truly,

APPROVED

*Price Daniel*

ATTORNEY GENERAL

CEO:bh:gw:mw

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant